IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER B. SEFCIK, | § | |
| TDCJ-CID NO. 1283848, | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-11-3901 |
| | § | |
| RICK THALER, | § | |
| Respondent. | § | |

OPINION ON DISMISSAL

Petitioner Christopher Sefcik, a state inmate incarcerated in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, in which he seeks an out-of-time appeal under Texas law. (Docket Entry No.1). For the reasons to follow, the Court will dismiss this habeas action with prejudice.

BACKGROUND

Upon a plea of guilty, petitioner was convicted on January 18, 2005, of aggravated robbery with a deadly weapon in the 248th Criminal District Court of Harris County, Texas, in cause number 997654. Punishment was assessed at twenty-five years confinement in TDCJ-CID. (Docket Entry No.1). Petitioner did not file an appeal (Docket Entry No.1), and his time to do so expired thirty days after the imposition of his sentence. TEX. R. APP. PROC. 26.2 Thus, petitioner's conviction became final for purposes of federal habeas corpus review thirty days his sentence was imposed, on or about February 17, 2005. 28 U.S.C. § 2244(d)(1)(A). On October 27, 2005, petitioner filed a state habeas application challenging the ineffectiveness of his trial counsel; the Texas Court of Criminal Appeals denied the application on December 13, 2006. (Docket Entry No.1). Petitioner filed a second state habeas application on May 19, 2008,

challenging counsel's representation, which was dismissed by the Texas Court of Criminal Appeals. (*Id.*). On February 16, 2011, he filed a third state habeas application seeking an out-of-time appeal. Harris County District Clerk website[1]; (Docket Entry No.1). The Texas Court of Criminal Appeals dismissed the application on April 20, 2011. Harris County District Clerk website; (Docket Entry No.1).

Petitioner executed the present federal habeas petition on October 31, 2011. (Docket Entry No.1). Therefore, Petitioner's petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *See Lindh v. Murphy*, 521 U.S. 320 (1997). Petitioner seeks federal habeas relief on the ground that the state courts failed to grant him an out-of-time appeal. (Docket Entry No.1). Petitioner indicates that he only seeks an out-of-time appeal. (*Id.*). However, in his conclusion, petitioner states that "[a]ll these arguments and authorities demonstrate the fact that petitioner is entitled to challenge his conviction, in the interest of justice." (Docket Entry No.7).

## DISCUSSION

Petitioner's ultimate request for relief, that this Court grant him an out-of-time appeal, does not present a cognizable federal constitutional claim. Federal habeas corpus relief may be granted only to remedy violations of the federal constitution and the laws of the United States. Questions concerning whether, when and under what circumstances a criminal defendant may pursue an untimely appeal and post-conviction motions are purely matters of state law that will not suffice to support federal habeas relief. *Engle v. Isaac*, 456 U.S. 107, 119 (1983).

The Fifth Circuit, however, has granted state petitioners habeas corpus relief conditioned on the state not granting an appropriate out-of-time appeal. *Lombard v. Lynaugh*, 868 F.2d 1475, 1484 (5th Cir. 1989). Therefore, the Court will properly consider this action an

---

[1] http://www.hc.districtclerk.com/edocs/public/CaseDetails.aspx?Get=qsxHYf5WTdVn/v+ (viewed 12-12-2011).

action for habeas corpus relief under 28 U.S.C. § 2254 and treat the request for an out-of-time appeal as simply a request for the type of relief sought. *Cf. In re Tolliver*, 97 F.3d 89, 90 (5th Cir. 1996) (district court did not err by treating motion to dismiss as a section 2255 action because "there is nothing else it could be").

Under the AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2). The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date. *Flanagan v. Johnson*,

3

154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh*, 521 U.S. 320). Because petitioner's petition was filed well after that date, the one-year limitations period applies to his claims. *Id.* at 198.

Under § 2244(d)(1)(A), petitioner's conviction became final for purposes of federal habeas corpus review thirty days after the state district court imposed its sentence. That date triggered the one-year limitations period which expired on February 17, 2006. Petitioner's first state habeas application tolled the limitations period while it was pending before the Texas courts for 412 days, or until April 5, 2007. 28 U.S.C. § 2244(d)(2); *Villegas v. Johnson*, 184 F.3d 467, 473 (5th Cir. 1999). Petitioner's second and third state habeas petitions were filed after the AEDPA limitations period expired and therefore, did not toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). The pending petition was executed on October 31, 2011, years after limitations expired, and is time-barred.

Petitioner, however, seeks equitable tolling of the limitations period on grounds that the state courts failed to resolve one claim and the attorney he retained to address the issue in his second writ was incompetent. The attorney did not file an application that comported with state procedural rules. (Docket Entry No.6). Petitioner contends that because the state courts did not resolve the outstanding issue in his first state habeas application, the state courts interfered with his state writ process. (*Id.*).

The one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances." *United States v. Patterson*, 211 F.3d 927, 928 (5th Cir. 2000); *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). "[E]quity is not intended for those who sleep on their rights." *Id.* (quoting *Fisher v. Johnson*, 174

F.3d 710, 715 (5th Cir. 1999)).  The petitioner bears the burden of establishing that equitable tolling is warranted.  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (5th Cir. 2000).

Petitioner has not met his burden.  The state habeas courts' failure to address an issue in his first state habeas application does not constitute interference in post-collateral proceedings that would entitle him to equitable tolling of the federal limitations period.  Nor does his attorney's failure to follow state rules pertaining to the filing of state habeas applications entitle him to the same.  28 U.S.C. § 2254(i); *cf. Cousin v. Lensing*, 310 F.3d 843, 848-49 (5th Cir. 2002) (attorney's mistake regarding filing fee).  Petitioner has not shown that rare and exceptional circumstances prevented him from submitting this habeas petition on time or that he has exercised diligence in seeking post-collateral relief.  Therefore, he fails to show any entitlement to equitable tolling.

Petitioner does not allege that he was subject to state action that impeded him from filing his petition in a timely manner.  *See* 28 U.S.C. § 2244(d)(1)(B).  Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously.  *See* 28 U.S.C. § 2244(d)(1)(C), (D).  Although petitioner is incarcerated and is proceeding without counsel, his ignorance of the law does not excuse his failure to timely file his petition.  *Fisher,* 174 F.3d at 714.

Accordingly, the Court finds that petitioner's federal petition is barred by the AEDPA's one-year limitation period and, therefore, this action is DISMISSED.

CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable; therefore, a certificate of appealability from this decision will not issue.

CONCLUSION

Accordingly, the Court ORDERS the following:

    1.        Petitioner's Motion for Leave to Correct Petitioner's Writ of Habeas Corpus § 2254 (Docket Entry No. 7) is GRANTED.

2. Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED with prejudice.

3. A certificate of appealability is DENIED.

4. All other pending motions, if any, are DENIED.

The Clerk shall provide a copy of this Order to the parties.

SIGNED at Houston, Texas, this 6th day of February, 2013.

                                          MELINDA HARMON
                                 UNITED STATES DISTRICT JUDGE